IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| C.R. BARD, Inc., and DAVOL, INC., Plaintiffs, | ) |
| v. | ) Civil Action No. 02-515ML |
| | ) Judge Mary M. Lisi |
| STRYKER CORPORATION, Defendant. | ) |

**STRYKER'S UNOPPOSED MOTION FOR LEAVE TO AMEND ITS ANSWER AND COUNTERCLAIM**

Pursuant to Federal Rule of Civil Procedure 15(a), Defendant Stryker Corporation ("Stryker") hereby moves for leave to amend its Answer and Counterclaim to include a defense and counterclaim for a declaratory judgment (1) that the U.S. Patent No. 6,485,452 ("the '452 patent") is unenforceable due to inequitable conduct during the original prosecution of the '452 patent and (2) that Stryker cannot infringe certain claims of the '452 patent due to intervening rights under 35 U.S.C. §252. Plaintiffs C.R.Bard, Inc. and Davol, Inc. (hereinafter collectively referred to as "Davol") have agreed not to oppose Stryker's request to file a First Amended Answer and Counterclaim.

The facts supporting Stryker's defense and counterclaim of inequitable conduct include Davol's failure to cite to the Patent Office an admitted material reference, United States Patent No. 4,519,385 ("the Atkinson patent"). Davol, a named inventor, and Davol's attorneys were aware of the Atkinson patent during the original prosecution of the '452 patent, yet failed to cite it to the Patent Office. During the same time frame, Davol and its attorneys cited the Atkinson

patent in different pending Davol applications before the Patent Office. Of all the pending patent applications at the time, the Atkinson patent is more material to the patent application where it was not cited by Davol, the '452 patent, as opposed to the different applications where Davol did cite it. During recent reexamination proceedings before the Patent Office, Davol admitted that the Atkinson patent is material prior art to the '452 patent. The clear materiality of the Atkinson patent combined with the circumstances surrounding Davol's failure to comply with Davol's duty of disclosure results in at least a strong inference of intent to deceive. Davol's withholding of a material reference from the Patent Office during the original prosecution of the '452 patent with an intent to deceive is the basis for inequitable conduct.

The '452 patent emerged from reexamination on May 10, 2005 with a substantial number of revised and new claims. Due to these changes and additions to the claims of the '452 patent, Stryker has intervening rights, such that Stryker cannot be liable for infringement of these claims before May 10, 2005 and may continue to manufacture, use, and sell the InterPulse device.

For the reasons stated in the contemporaneously filed Memorandum in Support of Its Unopposed Motion for Leave to Amend Its Answer and Counterclaim, Stryker respectfully requests that the Court permit Stryker to file its First Amended Answer and Counterclaim. A copy of the First Amended Answer and Counterclaim is attached hereto.

Respectfully submitted,

Dated: June ~~29~~ 30, 2005

Joseph Avanzato (#4774)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200

Gregory J. Vogler (admitted *pro hac vice*)

Sharon A. Hwang (admitted *pro hac vice*)
McANDREWS, HELD & MALLOY, LTD.
500 West Madison Street
Chicago, Illinois 60661
(312) 775-8000

Of Counsel:

Curtis E. Hall
Aaron Pettit
STRYKER CORPORATION
2725 Fairfield Road
Kalamazoo, Michigan 49002
(616) 385-2600

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **STRYKER'S UNOPPOSED MOTION FOR LEAVE TO AMEND ITS ANSWER AND COUNTERCLAIM** was served by placing true and correct copies thereof:

| | |
|---|---|
| **Via Hand Delivery** | Mark A. Pogue<br>EDWARD & ANGELL, LLP<br>2800 Financial Plaza<br>Providence, RI 02903<br>401/274-9200 |
| **Via Federal Express** | Claire Laporte<br>Mitchell J. Matorin<br>FOLEY HOAG, LLP<br>155 Seaport Boulevard<br>Boston, MA 02210-2600<br>617/832-1000 |

this 30th day of June, 2005.

Valarie Lout
______________________________

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| C.R. BARD, Inc., and DAVOL, INC., Plaintiffs, | ) |
| v. | ) Civil Action No. 02-515ML |
| | ) Judge Mary M. Lisi |
| STRYKER CORPORATION, Defendant. | ) |

**FIRST AMENDED ANSWER AND COUNTERCLAIM**

1. Plaintiff C.R. Bard, Inc. ("Bard") is a New Jersey corporation with its principal place of business in Murray Hill, New Jersey. Bard is engaged in the manufacture and sale of medical products.

**ANSWER**:

Defendant is without sufficient information to admit or deny the allegations of ¶1 of the Complaint.

2. Plaintiff Davol Inc. ("Davol") is a Delaware corporation having its principal place of business in Cranston, Rhode Island. Davol is a wholly-owned subsidiary of Bard, and also engages in the manufacture and sale of medical products, including a line of surgical irrigation equipment.

**ANSWER**:

Defendant is without sufficient information to admit or deny the allegations of ¶1 of the Complaint.

3. On information and belief, defendant Stryker Corporation ("Stryker") is a Michigan corporation having its principal place of business in Kalamazoo, Michigan. Like Davol, Stryker engages in the manufacture and sale of medical products, including a line of surgical irrigation equipment. In connection with that business, Stryker has continuous and systematic contacts with Rhode Island and specific contacts with Rhode Island sufficiently related to this course of action to warrant the exercise of personal jurisdiction by this Court.

**ANSWER**:

Admitted.

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a) and 2202.

**ANSWER**:

Admitted.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

**ANSWER**:

Admitted.

6. Bard is the owner by assignment of United States Letters Patent No. 6,485,452 (the "'452 patent"), issued by the United States Patent and Trademark Office. A copy of the '452 patent is attached hereto as Exhibit A. Bard's subsidiary Davol markets and sells surgical irrigation products which practice the '452 patent.

**ANSWER**:

Defendant is without sufficient information to admit or deny the allegations of ¶6 of the Complaint, except that Defendant admits that a copy of the '452 patent is attached to the Complaint as Exhibit A. The term "'452 patent" hereinafter includes the Reexamination Certificate U.S. 6,485,452 C1 which issued on May 10, 2005.

7. Stryker manufactures, uses, offers for sale and sells surgical irrigation products under the trade name "InterPulse."

**ANSWER**:

Admitted.

8. By manufacturing, using, offering for sale and/or selling the InterPulse products, Stryker has infringed and is infringing, has induced and is inducing others to infringe, and/or has contributed and is contributing to the infringement by others of the '452 patent by making, using, and/or selling, throughout the United States, products that infringe the claims of the '452 patent, and by inducing and/or contributing to infringement of the '452 patent by others, and will continue to do so unless enjoined by this Court.

**ANSWER**:

Denied.

9. If Stryker does not promptly cease its infringing activities, those activities will be willful and in flagrant disregard of Bard's rights under the '452 patent.

**ANSWER**:

Denied.

10. Stryker has made and is making unlawful gains and profits from its direct infringement, inducement of infringement, and/or contributory infringement of the '452 patent and has thereby deprived and continues to deprive Bard and Davol of rights and remunerations which would have accrued to them but for Stryker's patent infringement.

**ANSWER**:

Denied.

11. As a direct consequence of the acts and practices alleged, Bard and Davol have been, are being and, unless such acts and practices are enjoined by the Court, will continue to be injured in their business and property rights, and have suffered, are suffering, and will continue to suffer injury and damages for which they are entitled to relief under 35 U.S.C. § 284.

**ANSWER**:

Denied.

12. By reason of the acts and practices alleged herein, Stryker has caused, is causing and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Bard and Davol for which they have no adequate remedy at law, and for which they are entitled to injunctive relief under 35 U.S.C. § 283.

**ANSWER**:

Denied.

13. Plaintiffs claim trial by jury with respect to any issues properly so triable.

**ANSWER**:

No response required.

## AFFIRMATIVE DEFENSES

1. Stryker has not engaged in any act that constitutes an infringement, either literally or under the doctrine of equivalents, of any claim of the '452 patent under any section of 35 U.S.C. §271.

2. The claims of the '452 patent are invalid for failure to meet one or more conditions of patentability, as specified in Title 35 of the United States Code, including at least 35 U.S. C. §§102, 103 and 112.

3. The claims of the '452 patent are unenforceable due to Plaintiffs' inequitable conduct during the original prosecution of the '452 patent for at least the reasons identified in Paragraphs 13 through 21 of the Counterclaim below.

4. Stryker has intervening rights for any claim of the '452 patent which was amended or added during the reexamination of the '452 patent and thus has not and does not infringe, either literally or under the doctrine of equivalent, such claims.

5. Plaintiffs are barred from any recovery or any relief from Stryker due to laches and estoppel.

**COUNTERCLAIM**

Defendant Stryker counterclaims against Bard and Davol as follows:

1. Stryker is a corporation organized and existing under the laws of the State of Michigan having a principal place of business in Kalamazoo, Michigan.

2. In its Complaint, Bard alleges it is a New Jersey corporation with its principal place of business in Murray Hill, New Jersey.

3. In its Complaint, Davol alleges it is a Delaware corporation having its principal place of business in Cranston, Rhode Island. Based on allegations in the Complaint, Davol is a wholly-owned subsidiary of Bard.

4. Jurisdiction over the Counterclaim arises under the Federal Declaratory Judgments Act, Title 28 U.S.C. §§2201 and 2202 and the law of the United States concerning jurisdiction of actions relating to United States Letters Patent, Title 28 U.S.C. §§1338(a) and 28 U.S.C. 1331.

5. By its Complaint, Bard and Davol have expressly charged Stryker with infringement of the '452 patent, and thus have submitted themselves and the '452 patent to the jurisdiction and venue of this Court.

6. A justiciable controversy has arisen between Bard and Davol and Stryker with respect to the '452 patent.

7. Stryker has not infringed and does not infringe any claim of the '452 patent, either literally or under the doctrine of equivalents. Stryker has not induced and is not inducing others

to infringe the '452 patent. Stryker has not contributed and is not contributing to the infringement of the '452 patent by others.

8. A decree by this Court with respect to the issue of noninfringement of the '452 patent is reasonably calculated to prevent needless additional litigation in this and other jurisdictions between Bard, Davol and Stryker.

9. Stryker is entitled to a decree of noninfringement of the '452 patent.

10. The claims of the '452 patent are invalid under at least 35 U.S.C. §§102, 103 and/or 112.

11. A decree by this Court with respect to the issues of invalidity of the '452 patent is reasonably calculated to prevent needless additional litigation in this and other jurisdictions between Bard, Davol and Stryker.

12. Stryker is entitled to a decree of invalidity of the '452 patent.

13. Atkinson U.S. Patent No. 4,519,385 ("the Atkinson patent"), which issued on May 28, 1985, is material prior art to the '452 patent. During recent reexamination proceedings for the '452 patent, Plaintiffs and their attorney, Mr. Arthur Bookstein, admitted that the Atkinson patent is material prior art to the '452 patent.

14. The Atkinson patent is material to the '452 patent because it describes a reusable handpiece for providing irrigation to and suction from a surgical site. The Atkinson handpiece is reusable since a discardable and replaceable suction channel is fixed to the handpiece. Detachable, disposable nozzle tips are also provided to permit various nozzle tips to be used during a surgical procedure without requiring the handpiece to be changed.

15. Plaintiffs' prosecution attorney, Arthur Z. Bookstein, was aware of the prior art Atkinson patent during the original prosecution and failed to disclose the reference to the Patent

Office during the prosecution of the '452 patent with an intent to mislead the Patent Office. Mr. Bookstein knew of the materiality of the Atkinson patent to the '452 patent-in-suit. Mr. Bookstein, Bard, and Davol were aware of the materiality of the Atkinson patent because in the same timeframe they had to consider it during the prosecution of another Bard patent, Felix U.S. Patent No. 5,792,098 ("the Felix '098 patent") relating to the pulsed lavage handpiece for Davol's Simpulse Solo. The Atkinson patent is listed under the section entitled "References Cited" for the Felix '098 patent which was filed on June 19, 1996 and issued on August 11, 1998. The prosecution of the '452 patent-in-suit took place from June 18, 1996 through issuance on November 26, 2002. In addition, Bard and Davol were aware of the materiality of the Atkinson patent because it was listed as a "Reference Cited" during the prosecution history of Bard's U.S. Patent Nos. 4,941,872 and 5,147,292.

16. Mr. Roger Darois, one of the named inventors of the '452 patent, is the Vice President of Product Development at Davol and was involved in the design of the Simpulse Solo suction irrigator described in the '452 patent. Mr. Darois was also a named inventor on the Felix '098 patent, which describes the Simpulse Solo suction irrigator. Since the Atkinson patent was considered during the prosecution of the Felix '098 patent on which Mr. Darois is a named inventor, Mr. Darois was aware or should have been aware of the Atkinson patent and its relevance to the Simpulse Solo suction irrigator. Mr. Darois knew or should have known the materiality of the Atkinson patent to the '452 patent-in-suit. Despite that knowledge, Mr. Darois, Davol, and Bard concealed the Atkinson patent during the original prosecution of the '452 patent with an intent to deceive.

17. Upon information and belief, Mr. Bookstein, Mr. Darois, Bard and Davol were aware of the materiality of the Atkinson patent for another reason. They apparently monitor the

patents and activities of Snyder Laboratories, Inc. ("Snyder"). As shown on the face of the patent, the Atkinson patent is assigned to Snyder. Bard, Davol, and their attorneys relied upon and cited to a different Snyder patent, U.S. Patent No. 4,692,140, in the specification of the '452 patent for purposes of identifying background prior art. Bard, Davol and their attorneys cited other Snyder patents to the Patent Office, but withheld from the Patent Office the most material Snyder patent of all, the Atkinson patent during the original prosecution proceedings.

18. The failure of Bard, Davol, Mr. Arthur Bookstein, and Mr. Roger Darois to disclose the Atkinson patent to the Patent Office during the original prosecution supports a finding and inference of deceptive intent to withhold the Atkinson patent from the Patent Office during prosecution of the '452 patent.

19. The claims of the '452 patent are unenforceable due to inequitable conduct before the U.S. Patent Office during the original prosecution of the '452 patent. The inequitable conduct cannot be purged during much later reexamination proceedings.

20. A decree by this Court with respect to the issue of unenforceability of the '452 patent due to Plaintiffs' inequitable conduct is reasonably calculated to prevent needless additional litigation in this and other jurisdictions between Bard, Davol and Stryker.

21. Stryker is entitled to a decree of unenforceability of the '452 patent and an award of attorney fees and costs under 35 U.S.C. §285 due to Plaintiffs' inequitable conduct.

22. The United States Patent Office issued the Reexamination Certificate for the '452 patent on May 10, 2005. The following claims were amended or changed in scope during the reexamination: Claims 7, 9, 19 and 23. Claims 8 and 20-22 are dependent on these amended claims.

23. Stryker has intervening rights for Claims 7, 8, 9, and 19-23. As such, Stryker cannot be found liable for alleged infringement of these claims before May 10, 2005. Furthermore, Stryker is not liable for any alleged infringement of these claims after May 10, 2005 because Stryker has intervening rights to continue making, using, and selling products, such as the InterPulse product and associated accessories, which it made prior to the grant of the reexamination certificate. Stryker invested substantial preparation and monies in the manufacture, marketing, and sale of the InterPulse product and accessories before the grant of the '452 reexamination certificate.

24. Claims 25-30 were added during reexamination.

25. Stryker has intervening rights for Claims 25-30 because these claims were added during the reexamination proceedings and did not exist before the '452 patent emerged from reexamination on May 10, 2005. As such, Stryker cannot be found liable for alleged infringement of these claims before May 10, 2005. Furthermore, Stryker is not liable for alleged infringement of these claims after May 10, 2005 because Stryker has intervening rights to continue making, using, and selling products, such as the InterPulse product and associated accessories, which it made prior to the grant of the reexamination certificate. Stryker invested substantial preparation and monies in the manufacture, marketing, and sale of the InterPulse product and accessories before the grant of the '452 reexamination certificate.

26. Stryker is entitled to a decree of noninfringement of the '452 patent due to intervening rights and that any relief requested by Plaintiffs is barred by laches and estoppel.

**JURY DEMAND**

Stryker demands a trial by jury with respect to any issues properly so triable in the Answer and Counterclaim.

**WHEREFORE**, Stryker demands judgment as follows:

A. That United States Patent No. 6,485,452 is invalid, unenforceable, and not infringed by any of Defendants' products;

B. That Bard, Davol, their agents, employees, and assigns be permanently enjoined from asserting any charge of infringement of the '452 patent against Stryker, its agents, employees, successors, assigns, and customers;

C. That, pursuant to 35 U.S.C. §285, Stryker be awarded its reasonable costs and attorney's fees in defending against Bard and Davol's Complaint;

D. That Bard and Davol take nothing by reason of their Complaint, that Bard and Davol's action be dismissed with prejudice and judgment entered in favor of Stryker; and

E. That Stryker be awarded such other and further legal and equitable relief as the Court may deem proper and just.

Respectfully submitted,

Dated: ________, 2005

_______________________________
Joseph Avanzato (#4774)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200

Gregory J. Vogler (admitted *pro hac vice*)
Sharon A. Hwang (admitted *pro hac vice*)
McANDREWS, HELD & MALLOY, LTD.
500 West Madison Street
Chicago, Illinois 60661
(312) 775-8000

Of Counsel:

Curtis E. Hall
Aaron Pettit
STRYKER CORPORATION
2725 Fairfield Road
Kalamazoo, Michigan 49002
(616) 385-2600