IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| C.R. BARD, Inc., and DAVOL, INC., Plaintiffs, | ) |
| v. | ) Civil Action No. 02-515ML |
| | ) Judge Mary M. Lisi |
| STRYKER CORPORATION, Defendant. | ) |

**STRYKER'S MEMORANDUM IN SUPPORT OF ITS UNOPPOSED MOTION FOR LEAVE TO AMEND ITS ANSWER AND COUNTERCLAIM**

Joseph Avanzato (#4774)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200

Gregory J. Vogler (admitted *pro hac vice*)
Sharon A. Hwang (admitted *pro hac vice*)
McANDREWS, HELD & MALLOY, LTD.
500 West Madison Street
Chicago, Illinois 60661
(312) 775-8000

Of Counsel:

Curtis E. Hall
Aaron Pettit
STRYKER CORPORATION
2725 Fairfield Road
Kalamazoo, Michigan 49002
(616) 385-2600

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................ ii

I. Leave to Amend Stryker's Answer and Counterclaims Should be Freely Given ........ 1

II. Stryker's Basis for Asserting Inequitable Conduct ........................................ 2

III. Reexamination Does Not Cleanse Davol's Original Inequitable Conduct ........ 4

IV. Stryker's Basis for Asserting Intervening Rights ........................................ 5

V. Conclusion ........................................ 6

## TABLE OF AUTHORITIES

**CASES**

*BIC Leisure Prod. v. Windsurfing Int'l*, 1 F.3d 1214 (Fed.Cir. 1993) .......... 6

*Bloom Eng'g v. North Am. Mfg.*, 129 F.3d 1247 (Fed. Cir. 1997) .......... 5

*Bruno Indep. Living Aids Inc. v. Acorn Mobility Serv., Inc.,* 394 F.3d 1348 (Fed. Cir. 2005) .......... 4

*Constant v. Advance Micro-Devices, Inc.*, 848 F.2d 1560 (Fed. Cir. 1988) .......... 1

*C.R. Bard, Inc. v. Advanced Cardiovascular Systems, Inc.*, No. C-86-20552-WAI (N.D. Cal.) .......... 3

*Critikon, Inc. v. Becton Dickinson, Inc.,* 120 F.3d 1253 (Fed. Cir. 1997) .......... 4

*Evident Corp. v. Church & Dwight Co.*, 399 F.3d 1310 (Fed. Cir. 2005) .......... 2

*Foman v. Davis*, 371 U.S. 178 (1962) .......... 1

*GFI, Inc. v. Franklin Corp.,* 265 F.3d 1268 (Fed. Cir. 2001) .......... 2

*Hallco Mfg. Co., v. Foster*, 256 F.3d 1290 (Fed. Cir. 2001) .......... 1

*LaBounty Mfg., v. United States ITC*, 958 F.2d 1066 (Fed.Cir. 1992) .......... 4

*Merck & Co., Inc. v. Danbury Pharmacal, Inc.*, 873 F.2d 1418 (Fed. Cir. 1989) .......... 4

*Molins PLC v. Textron, Inc.*, 48 F.3d 1172 (Fed. Cir. 1995) .......... 4

*Smithkline Beecham v. Apotex*, 365 F.3d 1306 (Fed. Cir. 2004) .......... 1

**STATUTES**

35 U.S.C. §252 .......... 1, 5, 6

35 U.S.C. §307 .......... 5

**RULES**

Fed. R. Civ. P. 15 .......... 1

**OTHER**

37 CFR 1.56 .......... 2

Pursuant to Federal Rule of Civil Procedure 15(a), Defendant Stryker Corporation ("Stryker") hereby moves for leave to amend its Answer and Counterclaim to include a defense and counterclaim for a declaratory judgment (1) that the U.S. Patent No. 6,485,452 ("the '452 patent") is unenforceable due to inequitable conduct during the original prosecution of the '452 patent and (2) that Stryker cannot infringe certain claims of the '452 patent due to intervening rights under 35 U.S.C. §252. Plaintiffs C.R.Bard, Inc. and Davol, Inc. (hereinafter collectively referred to as "Davol") have agreed not to oppose Stryker's request to file the First Amended Answer and Counterclaim.

## I. Leave to Amend Stryker's Answer and Counterclaim Should be Freely Given

Leave to amend a pleading "shall be freely given when justice so requires." FED. R. CIV. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[T]he grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.") Stryker's Amended Answer and Counterclaim promotes justice by protecting the public interest in striking down patents which are invalid or unenforceable.

The public interest is best served by allowing Stryker to prove that the '452 patent is unenforceable. The Federal Circuit and the Supreme Court recognize the public interest in striking down invalid or unenforceable patents. *Constant v. Advance Micro-Devices, Inc.*, 848 F.2d 1560, 1564 (Fed. Cir. 1988); *Hallco Mfg. Co., v. Foster*, 256 F.3d 1290, 1297 (Fed. Cir. 2001)("[T]he public is best served by getting invalid patents declared invalid as early as possible"); *Smithkline Beecham v. Apotex*, 365 F.3d 1306, 1322 (Fed. Cir. 2004)("Both this

Court and the Supreme Court have recognized that there is a significant public policy interest in removing invalid patents from the public arena.")(Gajarsa, J., concurring).

## II. Stryker's Basis for Asserting Inequitable Conduct

Arthur Z. Bookstein (Davol's patent prosecution attorney) and Roger Darois (named inventor on the '452 patent and Davol employee) violated their duty to disclose information material to the patentability of the '452 patent. Specifically, 37 CFR 1.56 requires that "[e]ach individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the [Patent] Office, which includes a duty to disclose to the [Patent] Office all information known to that individual to be material to patentability ..." (emphasis added).

Messrs. Darois and Bookstein each had a "duty to disclose" U.S. Patent No. 4,519,385 ("the Atkinson patent") to the Patent Office. *Evident Corp. v. Church & Dwight Co.*, 399 F.3d 1310, 1315 (Fed. Cir. 2005) ("Under the regulations, inventors, patent owners, and attorneys associated with the filing or prosecution of a patent application have an affirmative and continuing duty to disclose material information to the PTO.")(emphasis added). Atkinson was "material to patentability" because "a reasonable examiner would be substantially likely to consider [it] important in deciding whether to allow an application to issue as a patent." *GFI, Inc. v. Franklin,* 265 F.3d 1268,1274 (Fed.Cir. 2001). In fact, Davol admitted "materiality" of Atkinson by stating in recent reexamination proceedings that it presents "a substantial new question of patentability." (Reexam. Request, pg. 8, Ex. A). Mr. Bookstein admitted that there is a "substantial likelihood that a reasonable patent examiner would consider the Atkinson '385 patent important in deciding whether or not the claims are patentable." (*Id.*)

Mr. Bookstein withheld the Atkinson patent during prosecution of the '452 patent with intent to mislead the Patent Office. Mr. Bookstein and Davol knew of Atkinson's materiality because they reviewed it during the same time frame for prosecution of another Davol patent, Felix U.S. Patent No. 5,792,098 ("Felix '098 patent") relating to the handpiece for Davol's Simpulse Solo product. Atkinson is listed under "References Cited" for the Felix '098 patent which was filed June 19, 1996 and issued August 11, 1998. (Ex. B). Prosecution of the '452 patent occurred from June 18, 1996 through November 26, 2002. Davol also was aware of the materiality of the Atkinson patent because it was also listed as a "Reference Cited" during the earlier prosecution of Davol's U.S. Patent Nos. 4,941,872 and 5,147,292. (Ex. C).

Mr. Bookstein has shown a propensity to deceive the Patent Office on behalf of plaintiff Bard. In *C.R. Bard, Inc. v. Advanced Cardiovascular Systems, Inc.*, No. C-86-20552-WAI (N.D. Cal.), Judge William A. Ingram found that Davol's patent-in-suit was unenforceable because Mr. Bookstein deliberately made false and misleading statements regarding the state of the prior art during the prosecution of the patent-in-suit. (See Ex D).

Roger Darois, a named inventor of the '452 patent, is V.P. of Product Development at Davol and was involved in the design of the Simpulse Solo suction irrigator described in the '452 patent. Mr. Darois also is a named inventor on the Felix '098 patent. Since the Atkinson patent was considered during the prosecution of the Felix '098 patent, Mr. Darois was aware or should have been aware of the Atkinson patent and its relevance to the Simpulse Solo suction irrigator and tips used with those products. Mr. Darois knew or should have known the materiality of the Atkinson patent to the '452 patent. Despite that knowledge, Mr. Darois and Davol concealed the Atkinson patent with an intent to deceive the Patent Office.

An intent to deceive may be inferred from the evidence. *Critikon, v. Becton Dickinson,* 120 F.3d 1253, 1256 (Fed. Cir. 1997)("Direct evidence of intent or proof of deliberate scheming is rarely available in instances of inequitable conduct, but intent may be inferred from the surrounding circumstances ...[I]ntent may be inferred where a patent applicant knew, or should have known, that withheld information would be material to the PTO's consideration of the patent application.")

Where material information is withheld from the Patent Office, the Federal Circuit recognizes an inference of intending to deceive the Patent Office. *See, e.g. Brasseler v. Stryker Sales Corp.*, 267 F.3d 1370, 1383-1385 (Fed. Cir. 2001); *Bruno Indep. Living Aids, v. Acorn Mobility,* 394 F.3d 1348,1354 (Fed. Cir. 2005)("[I]n the absence of a credible explanation, intent to deceive [the Patent Office] is generally inferred from the facts and circumstances surrounding a knowing failure to disclose material information."). An inference of intent to deceive has applied to circumstances very similar to this case. *Id.* ("The fact that an official of Bruno, who was involved in both the FDA and PTO [Patent Office] submissions, chose to disclose the [reference] to the FDA, but not to the PTO, certainly supports a finding of deceptive intent to withhold the disclosure from the PTO.").[1] Davol's withholding of the Atkinson patent supports an inference of deceptive intent, which in turn, renders the '452 patent unenforceable.

## III. Reexamination Does Not Cleanse Davol's Original Inequitable Conduct

Inequitable conduct cannot be purged by subsequent dealings with the Patent Office after the patent issues. *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1182 (Fed. Cir. 1995). The fact that Davol submitted the Atkinson patent for review by the Patent Office in a reexamination

[1] *See also LaBounty Mfg., v. United States ITC*, 958 F.2d 1066, 1076 (Fed.Cir. 1992)(inference of deceptive intent based on applicant making patentability arguments that could not have been made had withheld prior art been disclosed); *Merck & Co., Inc. v. Danbury Pharmacal, Inc.*, 873

proceeding, years after the '452 patent issued, does not preclude a finding of inequitable conduct. The Federal Circuit has affirmed a finding of inequitable conduct, notwithstanding the withheld reference being later cited in a reexamination and the claims still being allowed. *Id.*

> [A] reference [is not] immaterial simply because the claims are eventually deemed by an examiner to be patentable thereover.
>
> ***
>
> We recognize that [the withheld references] were cited eventually to the PTO [Patent Office] and that the examiner initialed them and passed the reexamination application to issue thereafter. <u>However, the references were not cited when they should have been</u>. . . . Those who are not "up front" with the PTO run the risk that, years later, a fact-finder might conclude that they intended to deceive.

*Id.* at 1179; 1182 (emphasis added)

## IV. Stryker's Basis for Asserting Intervening Rights

Where claims are changed or added during reexamination, 35 U.S.C. §§ 252 and 307 shield competitors who deem an adversely held patent to be invalid.[2] A patentee's attempt to cure the infirmity of its patent by "making [] substantive changes in the claims [during reexamination] is treated as an irrebuttable presumption that the original claims were materially flawed." *Bloom Eng'g v. North Am. Mfg.*, 129 F.3d 1247, 1249 (Fed. Cir. 1997). In this case, claims 7-9, 19-23 and 25-30 were amended or added during reexamination. Davol cannot enforce those claims during the period before the claims were issued in the Reexamination Certification on May 10, 2000. 35 U.S.C. §252 ¶1.

35 U.S.C. §252 ¶2 provides two separate defenses to patent infringement where a patent is reexamined and new or amended claims are issued. First, an accused infringer is accorded the "absolute right to use or sell a product that was made, used, or purchased before the grant of the

---

F.2d 1418, 1420-22 (Fed. Cir. 1989) (inference of deceptive intent based on applicant submitting material information to the FDA but simultaneously withholding it from the Patent Office.)

[2] 35 U.S.C. §252 refers to "reissued" patents. Intervening rights also apply to reexamination. 35 U.S.C. §307 ("Any proposed amended or new claims...following a reexamination proceeding will have the same effect as that specified in section 252 of this title for reissued patents...).

[reexamined] patent as long as this activity does not infringe a claim…that was in the original patent." *BIC Leisure Prod. v. Windsurfing Int'l*, 1 F.3d 1214,1220-21 (Fed.Cir. 1993). As such, Stryker cannot infringe claims 7-9, 19-23 and 25-30 prior to the reexamination date of May 10, 2005. Intervening rights under 35 U.S.C. §252 ¶2 further allow an accused infringer "the continued manufacture, use, or sale of additional products covered by the reexamination patent when the defendant made, purchased, or used identical products, or made substantial preparation to make, use, or sell identical products, before the [reexamination] date." *Id.* at 1221. Stryker was making, using, and selling the InterPulse before May 10, 2005. Intervening rights permit Stryker to continue to make, use, and sell the InterPulse after the reexamination date.

## V. Conclusion

For the above reasons, Stryker respectfully requests that that the Court grant its Unopposed Motion for Leave to File a First Amended Answer and Counterclaim.

Respectfully submitted,

Dated: June ~~29~~ 30, 2005

Joseph Avanzato (#4774)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200

Gregory J. Vogler (admitted *pro hac vice*)
Sharon A. Hwang (admitted *pro hac vice*)
McANDREWS, HELD & MALLOY, LTD.
500 West Madison Street
Chicago, Illinois 60661
(312) 775-8000

Of Counsel:

Curtis E. Hall
Aaron Pettit
STRYKER CORPORATION
2725 Fairfield Road
Kalamazoo, Michigan 49002
(616) 385-2600

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **STRYKER'S MEMORANDUM IN SUPPORT OF ITS UNOPPOSED MOTION FOR LEAVE TO AMEND ITS ANSWER AND COUNTERCLAIM** was served by placing true and correct copies thereof:

| | |
|---|---|
| **Via Hand Delivery** | Mark A. Pogue<br>EDWARD & ANGELL, LLP<br>2800 Financial Plaza<br>Providence, RI 02903<br>401/274-9200 |
| **Via Federal Express** | Claire Laporte<br>Mitchell J. Matorin<br>FOLEY HOAG, LLP<br>155 Seaport Boulevard<br>Boston, MA 02210-2600<br>617/832-1000 |

this 30th day of June, 2005.

Valare Rost

suggest the use of the FIG. 4 device with a combination suction and irrigation tip, as claims 7, 9 and 10 of the '452 patent require.

**<u>THE PERTINENCY AND APPLICATION OF ATKINSON '385 TO THE CLAIMS</u>**

While it is Bard's position that claims 7, 9 and 10 of the '452 patent, for which reexamination is requested, should be considered as satisfying the requirements for patentability, even considering the Atkinson '385 patent, a substantial new question of patentability is presented because there is a substantial likelihood that a reasonable patent examiner would consider the Atkinson '385 patent important in deciding whether or not the claims are patentable. See *In re Etter*, 756 F2d 852, 225 U.S.P.Q. 1 (Fed. Cir. 1985).

The claims for which reexamination is requested are included in the chart below, submitted by Stryker in connection with Stryker's summary judgment motion. It should be understood that the inclusion of Stryker's claim chart in this request should not be taken as an acknowledgment of the soundness of the comparisons between Atkinson '385 and the claims of the '452 patent. On the contrary, although requester's position is that the anticipation analysis suggested by the chart is flawed, it presents a new question that is properly considered by the Patent Office. The chart demonstrates that there are issues to be considered with respect to the Atkinson '385 patent, such as those relating to anticipation and obviousness or non-obviousness of the claims. There is a substantial new question of patentability that warrants reexamination.

US005792098A

# United States Patent [19]

Felix et al.

[11] Patent Number: 5,792,098

[45] Date of Patent: Aug. 11, 1998

[54] SUCTION AND IRRIGATION HANDPIECE AND TIP WITH DETACHABLE TUBE

[75] Inventors: Augustus Felix, Providence; Roger Darois, Foster, both of R.I.

[73] Assignee: C. R. Bard, Inc., Murray Hill, N.J.

[21] Appl. No.: 666,759

[22] Filed: Jun. 19, 1996

[51] Int. Cl.[6] .......... A61M 1/00

[52] U.S. Cl. .......... 604/27

[58] Field of Search .......... 604/27, 35, 39, 604/40, 43, 173

[56] References Cited

U.S. PATENT DOCUMENTS


| | | |
|---|---|---|
| 1,987,907 | 1/1935 | Jenkins . |
| 3,065,749 | 11/1962 | Brass . |
| 3,889,675 | 6/1975 | Stewart . |
| 4,299,221 | 11/1981 | Phillips et al. . |
| 4,519,385 | 5/1985 | Atkinson et al. . |
| 4,692,140 | 9/1987 | Olson . |
| 4,790,812 | 12/1988 | Hawkins, Jr. et al. . |
| 4,861,332 | 8/1989 | Parisi . |
| 4,919,129 | 4/1990 | Weber, Jr. et al. . |
| 4,941,872 | 7/1990 | Felix et al. . |
| 5,147,292 | 9/1992 | Kullas et al. . |
| 5,230,704 | 7/1993 | Moberg et al. . |
| 5,269,750 | 12/1993 | Grulke et al. . |
| 5,310,406 | 5/1994 | Sharpe et al. . |
| 5,419,772 | 5/1995 | Teitz et al. . |
| 5,573,504 | 11/1996 | Dorsey, III .......... 604/35 |


*Primary Examiner*—Manuel Mendez
*Attorney, Agent, or Firm*—Arthur Z. Bookstein

[57] ABSTRACT

An apparatus for irrigating a local irrigation site includes a suction/irrigation tip that is removably connected to a suction/irrigation handpiece. The tip includes a connector to detachably connect the tip to the handpiece, a suction tube detachably connected to the connector, and an irrigation tube permanently fastened to the connector. The tip may also have a securing clip to prevent the irrigation tube from bending during use, and a retaining finger to partially connect the tip to the handpiece.

22 Claims, 6 Drawing Sheets




