IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED
JUN 30 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

C.R. BARD, Inc., and
DAVOL, INC.,

Plaintiffs,

v.

STRYKER CORPORATION,

Defendant.

Civil Action No. 02-515ML

Judge Mary M. Lisi

**STRYKER'S UNOPPOSED MOTION FOR LEAVE TO AMEND ITS ANSWER AND COUNTERCLAIM**

Granted. Mary M. Lisi USDJ 7/5/05

Pursuant to Federal Rule of Civil Procedure 15(a), Defendant Stryker Corporation ("Stryker") hereby moves for leave to amend its Answer and Counterclaim to include a defense and counterclaim for a declaratory judgment (1) that the U.S. Patent No. 6,485,452 ("the '452 patent") is unenforceable due to inequitable conduct during the original prosecution of the '452 patent and (2) that Stryker cannot infringe certain claims of the '452 patent due to intervening rights under 35 U.S.C. §252. Plaintiffs C.R.Bard, Inc. and Davol, Inc. (hereinafter collectively referred to as "Davol") have agreed not to oppose Stryker's request to file a First Amended Answer and Counterclaim.

The facts supporting Stryker's defense and counterclaim of inequitable conduct include Davol's failure to cite to the Patent Office an admitted material reference, United States Patent No. 4,519,385 ("the Atkinson patent"). Davol, a named inventor, and Davol's attorneys were aware of the Atkinson patent during the original prosecution of the '452 patent, yet failed to cite it to the Patent Office. During the same time frame, Davol and its attorneys cited the Atkinson

patent in different pending Davol applications before the Patent Office. Of all the pending patent applications at the time, the Atkinson patent is more material to the patent application where it was not cited by Davol, the '452 patent, as opposed to the different applications where Davol did cite it. During recent reexamination proceedings before the Patent Office, Davol admitted that the Atkinson patent is material prior art to the '452 patent. The clear materiality of the Atkinson patent combined with the circumstances surrounding Davol's failure to comply with Davol's duty of disclosure results in at least a strong inference of intent to deceive. Davol's withholding of a material reference from the Patent Office during the original prosecution of the '452 patent with an intent to deceive is the basis for inequitable conduct.

The '452 patent emerged from reexamination on May 10, 2005 with a substantial number of revised and new claims. Due to these changes and additions to the claims of the '452 patent, Stryker has intervening rights, such that Stryker cannot be liable for infringement of these claims before May 10, 2005 and may continue to manufacture, use, and sell the InterPulse device.

For the reasons stated in the contemporaneously filed Memorandum in Support of Its Unopposed Motion for Leave to Amend Its Answer and Counterclaim, Stryker respectfully requests that the Court permit Stryker to file its First Amended Answer and Counterclaim. A copy of the First Amended Answer and Counterclaim is attached hereto.

Respectfully submitted,

Dated: June ~~29~~ 30, 2005

Joseph Avanzato (#4774)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200

Gregory J. Vogler (admitted *pro hac vice*)

Sharon A. Hwang (admitted *pro hac vice*)
McANDREWS, HELD & MALLOY, LTD.
500 West Madison Street
Chicago, Illinois 60661
(312) 775-8000

Of Counsel:

Curtis E. Hall
Aaron Pettit
STRYKER CORPORATION
2725 Fairfield Road
Kalamazoo, Michigan 49002
(616) 385-2600

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **STRYKER'S UNOPPOSED MOTION FOR LEAVE TO AMEND ITS ANSWER AND COUNTERCLAIM** was served by placing true and correct copies thereof:

| | |
|---|---|
| **Via Hand Delivery** | Mark A. Pogue<br>EDWARD & ANGELL, LLP<br>2800 Financial Plaza<br>Providence, RI 02903<br>401/274-9200 |
| **Via Federal Express** | Claire Laporte<br>Mitchell J. Matorin<br>FOLEY HOAG, LLP<br>155 Seaport Boulevard<br>Boston, MA 02210-2600<br>617/832-1000 |

this 30th day of June, 2005.

Valare Laut[illegible]
______________________________