UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| C.R. BARD, INC., and DAVOL INC.,<br>Plaintiffs,<br>v.<br>STRYKER CORPORATION,<br>Defendant. | C.A. No. 02- 515ML |

**PLAINTIFFS' PARTIALLY ASSENTED-TO MOTION FOR LEAVE TO EXCEED PAGE LIMITS IN CONNECTION WITH PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFFS CROSS-MOTION FOR SUMMARY JUDGMENT**

On July 27, 2005, Plaintiffs, C.R. Bard, Inc. and Davol Inc. (collectively, "Davol") will file their brief in opposition to Defendant Stryker Corporation's ("Stryker") motion for summary judgment of non-infringement or invalidity of Davol's '452 patent. At the same time, Davol will cross-move for summary judgment of infringement. Under Local Rule 12.1 and Amended General Order #2002-01, Davol may file separate briefs in support of its opposition to Stryker's motion and in support of its cross-motion, each of which may be up to 20 pages long with 20 pages of exhibits.

In order to reduce duplication while simultaneously giving Davol adequate space to respond to the highly fact-intensive invalidity arguments Stryker has made, Davol seeks leave to file a single brief in support of both Davol's opposition to Stryker's motion and in support of Davol's cross-motion, which brief will not exceed 40 pages in total with exhibits not exceeding 40 pages in total. In support of this motion, Davol relies on the accompanying Memorandum.

Davol represents that it has consulted with counsel for Stryker and that Stryker has assented to Davol's request for leave to exceed the page limits by filing a single combined brief not exceeding 30 pages with 30 pages of exhibits. Davol will endeavor to file the most concise combined brief and exhibits as possible, but Davol cannot currently state with certainty that the brief and exhibits will each be 30 pages or less. Accordingly, Davol requests leave to submit a brief of no more than 40 pages and exhibits similarly not exceeding 40 pages.

Dated: July 26, 2005

C.R. BARD, INC., and DAVOL INC.

By their Attorneys,

Mark A. Pogue (#3441)
Armando E. Batastini (#6016)
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

Claire Laporte (admitted *pro hac vice*)
Mitchell J. Matorin
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Tel. (617) 832-1000

Providence, RI 02903

VIA FEDEX
Gregory J. Vogler, Esq.
Sharon A. Hwang, Esq.
McANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, 34th Floor
Chicago, IL 60661

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| C.R. BARD, INC., and DAVOL INC.,<br>Plaintiffs,<br>v.<br>STRYKER CORPORATION,<br>Defendant. | C.A. No. 02- 515ML |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' PARTIALLY ASSENTED-TO MOTION FOR LEAVE TO EXCEED PAGE LIMITS IN CONNECTION WITH PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFFS CROSS-MOTION FOR SUMMARY JUDGMENT**

On Wednesday, July 27th, Plaintiffs, C.R. Bard, Inc. and Davol Inc. (collectively, "Davol") will file their Opposition to Defendant Stryker Corporation's ("Stryker") Motion for Summary Judgment of Non-Infringement and Invalidity. At the same time, Davol will cross-move for Summary Judgment of Infringement. Pursuant to Local Rule 12.1 and Amended General Order #2002-01, Davol may file one brief in opposition to Stryker's motion for summary judgment, not to exceed 20 pages plus 20 pages of exhibits, and a separate brief in support of Davol's cross-motion for summary judgment not to exceed 20 pages plus 20 pages of exhibits. By this motion, Davol seeks leave to file a single, combined brief in opposition to Stryker's motion and in support of its cross-motion, not exceeding forty (40) pages, and exhibits not exceeding forty (40) pages.

In support of this Motion, Davol states as follows:

1. On June 24, 2005, Defendant Stryker moved for summary judgment on all claims, arguing first that its accused InterPulse product does not infringe the patent-in-suit, and second that the patent-in-suit is invalid.

2. Stryker's invalidity argument is based on certain representations about the nature of a very early design for the accused Stryker InterPulse device. In its brief, Stryker deliberately glosses over the nature of that early design and the changes that Stryker made prior to launching the accused InterPulse product. This information is necessary for the Court to understand and rule on Stryker's summary judgment with respect to invalidity.

3. Although Stryker's brief is 20 pages long, for its invalidity argument Stryker relies as well on a separate Declaration of Mickey Noonan. Davol does not have the luxury of providing a declaration to explain the facts of Stryker's early InterPulse development project and instead must rely on a detailed factual statement, supported by exhibits consisting of documents produced by Stryker. This detailed factual statement is necessary for Davol to demonstrate why the Court must reject Stryker's motion for summary judgment on invalidity. Permitting Davol to file a brief that exceeds the page limits will enable Davol to lay out the facts necessary for the Court to rule on Stryker's motion.

4. In addition, if Davol were to file two separate briefs, one in support of its opposition to Stryker's summary judgment motion and another in support of its own cross-motion for summary judgment, there would necessarily be a good deal of duplication between the two briefs due to the overlapping issues. Permitting Davol to file a single brief in opposition to Stryker's motion and in support of Davol's motion will allow Davol to eliminate the duplication and reduce the burden on the Court.

5. Further, in order to respond properly to Stryker's motion for summary judgment on the invalidity issues, Davol must explain and document the material facts that are in dispute. Davol currently anticipates that it may need to attach a number of documents establishing the disputed facts.

6. To accommodate the full discussion of disputed facts, and to avoid the unnecessary duplication of facts and arguments that would arise from two separate briefs, Davol requestss leave to file a single brief of up to forty (40) pages in opposition to Stryker's motion and in support of Davol's cross-motion.

7. Likewise, to accommodate the presentation of documents evidencing the genuine issues of material facts in dispute regarding Stryker's invalidity arguments, Davol requests leave to file exhibits of up to forty (40) pages in connection with its combined brief.

8. Stryker has assented to Davol's filing of combined brief in support of Davol's opposition to Stryker's motion and in support of Davol's cross-motion of up to thirty (30) pages, together with up to thirty (30) pages of exhibits. Although Davol will make every effort to submit the most concise brief and set of exhibits that it can, it cannot determine at this time whether its combined brief and exhibits will exceed the 30 page limits to which Stryker has agreed.

## CONCLUSION

Therefore, for the reasons set forth above, Davol respectfully requests leave to file a single brief not to exceed 40 pages and exhibits not to exceed 40 pages, in support of both Davol's opposition to Stryker's motion for summary judgment and Davol's cross-motion for summary judgment.

Dated: July 26, 2005

C.R. BARD, INC., and DAVOL INC.

By their Attorneys,

Mark A. Pogue (#3441)
Armando E. Batastini (#6016)
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

Claire Laporte (admitted *pro hac vice*)
Mitchell J. Matorin
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Tel. (617) 832-1000

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 26th day of July, 2005, I caused a copy of the within Memorandum to be served as follows:

VIA HAND DELIVERY
Joseph Avanzato, Esq.
ADLER, POLLOCK & SHEEHAN
2300 Financial Plaza
Providence, RI 02903

VIA FEDEX
Gregory J. Vogler, Esq.
Sharon A. Hwang, Esq.
McANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, 34th Floor
Chicago, IL 60661