UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

C.R. BARD, INC., and DAVOL INC.,

Plaintiffs,

v.

STRYKER CORPORATION,

Defendant.

CIVIL ACTION No. 02-515ML

**PLAINTIFFS' RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS RENEWED MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT OR, IN THE ALTERNATIVE, INVALIDITY OF THE '452 PATENT**

Mark A. Pogue (#3441)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
Tel. (401) 274-9200
Telecopy (401) 276-6611

Claire Laporte (*admitted pro hac vice*)
Mitchell J. Matorin
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Tel. (617) 832-1000

*Attorneys for plaintiffs C.R. Bard, Inc. and Davol Inc.*

Dated: July 27, 2005

Pursuant to Local Rule 12.1(a)(2), Plaintiffs, C.R. Bard, Inc. and Davol Inc. (collectively, "Davol") respond to Defendant Stryker Corporation's ("Stryker") Statement of Undisputed Facts in support of its summary judgment motion.

In the first section below, Davol sets forth its responses to Stryker's assertedly undisputed facts. In the second section below, Davol sets forth its Statement of Disputed Facts that preclude Stryker's motion for summary judgment of invalidity.

## I. DAVOL'S RESPONSE TO STRYKER'S STATEMENT OF UNDISPUTED FACTS.

Davol responds to Stryker's statement of facts as follows.[1]

Paragraphs 1-4: Davol does not dispute these statements, but does not agree that they are material to Stryker's motion for summary judgment.

Paragraphs 5-6: Davol does not dispute these statements.

Paragraph 7: This paragraph begins with a characterization of the '452 patent and then quotes selective portions of it. The '452 patent speaks for itself, and although Davol does not dispute the accuracy of the quoted portions, Davol does not agree that they are the only material portions of the '452 patent. Davol relies on the '452 patent as a whole in opposing Stryker's summary judgment motion.

Paragraph 8: Davol does not dispute this statement.

Paragraphs 9-10 (and fn. 1): These paragraphs characterize certain claims of the '452 patent, and then quote and emphasize certain portions of certain of those claims. Although Davol does not dispute the accuracy of the quoted portions (without the added

[1] To the extent that Davol does not dispute a particular fact, that agreement is limited to that fact as stated in Stryker's statement, and does not extend to any different statements contained in the Noonan Declaration or any other source to which Stryker's statement refers for support.

emphases), the '452 patent speaks for itself, and Davol relies on the entirety of the patent in opposing Stryker's summary judgment motion.

Paragraphs 11-12: These paragraphs selectively quote portions of the '452 patent prosecution history. Although Davol does not dispute the accuracy of the quoted portions, the entire prosecution history speaks for itself and Davol does dispute any implications that Stryker draws from those quoted portions. Davol relies on the entirety of the prosecution history in opposing Stryker's summary judgment motion.

Paragraph 13: Davol does not dispute the statements made in this paragraph.

Paragraph 14: The statements made in the first sentence of this paragraph are misleading and immaterial. Although Davol does not dispute that the suction tubing of the InterPulse handpiece is not plugged during use and that the InterPulse permits the handpiece to be reused, Davol disputes any implication that the '452 patent claims in suit require "plugging or bypassing the handpiece suction tubing." The '452 patent claims speak for themselves, and the proper construction of those claims is an issue of law for the Court. Accordingly, any such implications are both non-factual and not material. Davol does not dispute the statements made in the second sentence of this paragraph.

Paragraph 15: Davol does not dispute the statements made in this paragraph.

Paragraphs 16-18: The statements made in these paragraphs are not material to Stryker's summary judgment motion because Davol has not accused Stryker's InterPulse device of infringing the claims mentioned in these paragraphs.

Paragraph 19: Davol does not dispute the statement in the first sentence of this paragraph. Davol disputes each and every other statement contained in this paragraph.

*See generally* Section Two of Davol's brief in support of its opposition to Stryker's summary judgment motion (invalidity section) and the documents cited therein.

## II. STATEMENT OF MATERIAL DISPUTED FACTS PRECLUDING STRYKER'S MOTION FOR SUMMARY JUDGMENT ON THE VALIDITY OF THE '452 PATENT

The following facts material to Stryker's motion for summary judgment of invalidity of the '452 patent are in dispute:

1. Whether Stryker conceived of a way to reuse the InterPulse handpiece prior to (a) April 7, 1995; (b) June 16, 1995; (c) June 18, 1996.

2. Whether Stryker conceived of a way to reuse the InterPulse handpiece without a contaminated suction pathway prior to (a) April 7, 1995; (b) June 16, 1995; (c) June 18, 1996.

3. Whether Stryker disclosed to the public a way to reuse the InterPulse handpiece without a contaminated suction pathway prior to (a) April 7, 1995; (b) June 16, 1995; (c) June 18, 1996.

4. The features and capabilities of the InterPulse device described in Stryker's April 7, 1995 FDA 510(k) filing.

5. Whether Stryker's April 7, 1995 FDA 510(k) filing was "public" as required for prior art under 35 U.S.C. § 102.

6. Whether Stryker's InterPulse device as it existed prior to (a) April 7, 1995; (b) June 16, 1995; (c) June 18, 1996, had a "detachable suction and irrigation tip . . . the tip comprising: an irrigation tube [and] a suction tube," as required by Claim 9.

7. Whether Stryker's InterPulse device as it existed prior to (a) April 7, 1995; (b) June 16, 1995; (c) June 18, 1996, had "suction tube [of the combined suction/irrigation tip] having a fluid path that channels aspirated irrigation fluid externally of the handpiece," as required by Claim 9.

8. Whether Stryker's InterPulse device as it existed prior to (a) April 7, 1995; (b) June 16, 1995; (c) June 18, 1996, had "the suction tube and irrigation tube [of the combined suction/irrigation tip] being detachable together from the handpiece," as required by Claim 9.

9. Whether Stryker's InterPulse device as it existed prior to (a) April 7, 1995; (b) June 16, 1995; (c) June 18, 1996, had a combined suction/irrigation tip that "can be discarded, enabling the handpiece to be reused," as required by Claim 9.

10. Whether Stryker's InterPulse device as it existed prior to (a) April 7, 1995; (b) June 16, 1995; (c) June 18, 1996, had a "tip comprising … a suction tube for aspirating irrigation fluid from the irrigation site," as required by Claim 10.

11. Whether Stryker's InterPulse device as it existed prior to (a) April 7, 1995; (b) June 16, 1995; (c) June 18, 1996, "aspirat[ed] spent irrigation fluid from the irrigation site through the suction tube of the [combined suction/irrigation] tip," as required by Claim 10.

12. Whether a practitioner using Stryker's InterPulse device as it existed prior to (a) April 7, 1995; (b) June 16, 1995; (c) June 18, 1996, could "detach[] the [combined suction/irrigation] tip, including the irrigation tube and suction tube together from the handpiece," as required by Claim 10.

13. Whether Stryker's InterPulse device as it existed prior to (a) April 7, 1995; (b) June 16, 1995; (c) June 18, 1996, had an "unused discardable suction and irrigation tip" that could be attached to the handpiece in readiness for another procedure, as required by Claim 10.

14. Whether a practitioner using Stryker's InterPulse device as it existed prior to (a) April 7, 1995; (b) June 16, 1995; (c) June 18, 1996, would "detach[] the [combined suction/irrigation] tip, including the irrigation tube and suction tube together from the handpiece and discard[] them," as required by Claim 10.

15. Whether a practitioner using Stryker's InterPulse device as it existed prior to (a) April 7, 1995; (b) June 16, 1995; (c) June 18, 1996, would "attach[] an unused discardable suction and irrigation tip to the handpiece in readiness for another procedure," as required by Claim 10.

16. Whether Stryker disclosed a method of reusing its InterPulse device prior to (a) April 7, 1995; (b) June 16, 1995; (c) June 18, 1996, according to the method described and claimed in Claim 10.

17. Whether Stryker had conceived of a method of reusing its InterPulse device prior to (a) April 7, 1995; (b) June 16, 1995; (c) June 18, 1996, according to the method disclosed and claimed in Claim 10.

18. Whether Stryker's InterPulse device as it existed on (a) April 7, 1995; (b) June 16, 1995; (c) June 18, 1996, had "at least a portion of the fluid path compris[ing] suction tubing detachably connectible to the [combined suction and irrigation] tip," as required by Claim 20.

19. Whether Stryker's InterPulse device as it existed on (a) April 7, 1995; (b) June 16, 1995; (c) June 18, 1996, had "the suction tube, irrigation tube [of the combined suction/irrigation tip] and suction tubing are detachable with respect to the handpiece and are discardable together," as required by Claim 21.

20. Whether Stryker's InterPulse device as it existed on (a) April 7, 1995; (b) June 16, 1995; (c) June 18, 1996, had a flexible splash shield mounted on the [combined suction/irrigation] tip," as required by Claim 26.

21. Whether Stryker's InterPulse device as it existed on (a) April 7, 1995; (b) June 16, 1995; (c) June 18, 1996, had each of the elements described above with respect to Claim 9, as those same elements are required by Claim 30.

Dated: July 27, 2005

Respectfully submitted,

Mark A. Pogue (#3441)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
Tel. (401) 274-9200
Telecopy (401) 276-6611

Claire Laporte (*admitted pro hac vice*)
Mitchell J. Matorin
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Tel. (617) 832-1000

*Attorneys for plaintiffs C.R. Bard, Inc. and Davol Inc.*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 27th day of July, 2005, I caused a copy of the within to be served as follows:

VIA HAND DELIVERY
Joseph Avanzato, Esq.
ADLER, POLLOCK & SHEEHAN
2300 Financial Plaza
Providence, RI 02903

VIA FEDEX
Gregory J. Vogler, Esq.
Sharon A. Hwang, Esq.
McANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, 34th Floor
Chicago, IL 60661