IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| C.R. BARD, Inc., and DAVOL, INC., Plaintiffs, | ) |
| v. | ) Civil Action No. 02-515ML |
| | ) Judge Mary M. Lisi |
| STRYKER CORPORATION, Defendant. | ) |

**REPLY IN SUPPORT OF DEFENDANT STRYKER CORPORATION'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT <u>OR, IN THE ALTERNATIVE, INVALIDITY OF THE '452 PATENT</u>**

Joseph Avanzato (#4774)
ADLER POLLOCK & SHEEHAN P.C.
One Citizen's Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200

Gregory J. Vogler (admitted *pro hac vice*)
Sharon A. Hwang (admitted *pro hac vice*)
McANDREWS, HELD & MALLOY, LTD.
500 West Madison Street
Chicago, Illinois 60661
(312) 775-8000

Of Counsel:

Curtis E. Hall
Michael G. Cartier
STRYKER CORPORATION
2725 Fairfield Road
Kalamazoo, Michigan 49002
(269) 385-2600

The Abstract of the '452 patent-in-suit states:

> A medical suction and irrigation apparatus includes a suction/irrigation tip removably connected to a <u>conventional suction/irrigation handpiece</u>. Suction is provided through a suction tube which has a <u>bypass conduit in the tip</u>.

('452 patent, Abstract) (emphasis added). In contrast, the accused InterPulse uses a conventional tip with a specially-designed handpiece.



Stryker's
Accused Tip
(No suction bypass)



4,692,140
Prior Art Tip
(No suction bypass)




6,485,452 B1
Patent Tip

Bard fails to address Stryker's primary noninfringement contention: that the accused InterPulse simply does not include <u>a tip having a bypass fluid path</u> as required by the claims.[1] Without such a tip, the accused InterPulse does not include each and every element of the asserted claims and thus cannot infringe the asserted claims as a matter of law. If it is ignored that the "tip" must include the claimed suction bypass path, the asserted claims are invalid as anticipated by Stryker's earlier InterPulse design. Summary judgment is appropriate as a matter of law, and is dispositive of this case.

### A. Bard's Proposed Claim Construction Selectively Ignores Claim Language

The *en banc* Federal Circuit decision of *Phillips v. AWH Corp.*, 2005 U.S. App. LEXIS 13954, *24-27 (Fed. Cir. July 12, 2005) emphasizes the importance of determining the meaning

[1] Infringement is avoided if even one claim element is missing from the InterPulse. *E.g. London v. Carson Pirie Scott & Co.*, 946 F.2d 1534, 1539 (Fed. Cir. 1991). Additional reasons for noninfringement will be addressed in Stryker's Opposition to Bard's Cross-Motion for Summary Judgment of Infringement, which will be filed separately in accordance with the Local Rules. All of the additional bases for noninfringement are moot, as is Bard's cross-motion, if Stryker's first-filed motion for summary judgment of noninfringement is granted.

of claim terms within the context of the patent, and not in the abstract. While citing to *Phillips*, Bard nevertheless urges this Court to ignore the context in which the disputed terms are used in the asserted claims themselves, the patent specification, and the prosecution history.

Claims 9 and 30 each expressly recite "a tip comprising" a "suction tube having a fluid path that channels aspirated irrigation fluid externally of the handpiece." ('452 Reeexam Cert., 1:56-66; 2:51-62). Claim 10 describes a "detachable tip" comprising a suction tube that "direct[s] the aspirated irrigation fluid along a path that is disposed exteriorly of the handpiece." ('452 patent, 8:33-44). The intrinsic evidence confirms that the bypass fluid path is in the tip. (*E.g.*, Reply Ex. 1). Under the guise of championing a "plain language" claim interpretation, Bard conspicuously fails to address the issue of whether the claimed suction fluid path must be provided in the tip: the primary issue raised in Stryker's motion. Instead, Bard erroneously frames its claim construction arguments by reciting only a portion of the asserted claims and by omitting the express claim language requiring that the bypass fluid path be present in the tip. Bard's claim construction is fatally flawed in view of its omission of the relevant claim language. *Apple Computer, Inc. v. Articulate Sys., Inc.*, 234 F.3d 14, 25 (Fed. Cir. 2000).

Bard contradicts its own patent disclosure by saying that there is no need to bypass the handpiece suction lumen. According to the '452 patent, the purpose of the claimed invention is to provide a suction diverter tip to permit reuse of the handpiece without the danger of handpiece contamination caused by aspirated debris entering the handpiece suction lumen. ('452 patent, 1:43-46). Contamination of a handpiece can only mean contamination of the suction lumen of the handpiece. There are no other possibilities. Any discussion about an irrigation-only handpiece used with the claimed diverter tip is legally off-base. The '452 patent does not describe using the claimed diverter tip with an irrigation-only handpiece. The entire point of the

invention is nullified where an irrigation-only handpiece is used: an irrigation-only handpiece is reusable without the claimed diverter tip because there is no handpiece suction lumen to contaminate. The '452 patent title ("Suction and Irrigation Handpiece and Tip") confirms that the invention is directed to suction and irrigation handpieces, not irrigation-only handpieces. (Reply Ex. 2). More importantly, the '452 patent and file history are replete with express statements describing how the bypass path is provided in the specially-designed tip to prevent aspirated fluid from entering the handpiece suction tube. (Reply Ex. 2).

**B. The Prosecution History**

Without sworn testimony by the actors, Bard attempts to dismiss as "inaccurate" its prosecution statements requiring the bypass path to "prevent[] aspirated material from being channeled into contact with the handpiece 10 and its suction lumen 22 (see all claims)."[2] Citing *Rambus* and *Intervet*, Bard improperly urges this Court to ignore allegedly "inaccurate" prosecution statements in favor of newly-proposed, carefully anesthetized claim excerpts.

As an initial matter, *Rambus* and *Intervet* are distinguishable because both cases involved conspicuous error where the claim language was directly contradictory to the prosecution history statements. *Rambus, Inc. v. Infineon Techs. AG*, 318 F.3d 1081, 1090 (Fed. Cir. 2003); *Intervet Am., Inc. v. Kee-Vet Labs., Inc.*, 887 F.2d 1050, 1054 (Fed. Cir. 1989). In the present case, there are no contradictions, direct or otherwise, between the claim language and the prosecution history statements. Each of the asserted claims recites a fluid path in the tip. The specification describes only one embodiment: a tip fluid path bypassing the handpiece suction lumen. (Reply Ex. 1). The existence of a single sentence indicating that the handpiece "may include a suction

[2] This Court should reject Bard's litigation-driven argument that "see all claims" was not intended to actually refer to "all claims." When Bard intended to refer only to a particular subset of claims within the same argument to the Patent Office, it did so. *See e.g.*, Stryker Motion, Ex. B, p. 5 and Ex. C, p. 3 ("The tip 16 also may have an irrigation tube 48 for applying irrigation fluid to an external injury (claim 5)") and ("the connector includes a plug 34 adapted to plug a suction port 28 of the handpiece when the tip 16 is attached to the handpiece 10 (claims 1-3 and 19)").

lumen" does not constitute disclosure of a handpiece without a suction tube. This is particularly so where the intrinsic record is unambiguously directed to a handpiece having both suction and irrigation capabilities. *Watts v. XL Sys., Inc.*, 232 F.3d 877, 883 (Fed. Cir. 2000) (permissive language in specification was insufficient to disclose a second embodiment). *See also* Reply Ex. 2. As such, Bard's prosecution statements regarding the function of the fluid path (to bypass the handpiece suction lumen) do not give competitors any "reason to believe that a mistake was made or that the inventor meant anything other than what he said." *Hockerson-Halberstadt, Inc. v. Avia Group, Int'l, Inc.*, 222 F.3d 951, 957 (Fed. Cir. 2000).

The significance of avoiding the handpiece suction lumen is further confirmed by Bard's argument over the Sorenson prior art that

> [t]he suction tube 13 in Sorenson does not have a fluid bypass path by which aspirated irrigation is channeled to a suction source in a manner that does not communicate with the handpiece suction lumen. In Sorenson, the handpiece (pistol 1) includes a suction lumen, part of which extends through a suction control valve 6 by which aspirated material is directed to suction hose 9. Sorenson fails to disclose an arrangement with a fluid path that avoids the suction lumen of the handpiece.

(Reply Ex. 2) (emphasis added). Bard thus disclaimed any arrangement (like the accused InterPulse) where aspirated fluid communicates with the handpiece suction lumen. Bard's argument, while directed to claim 1, applies with equal force to asserted claims 9, 10, and 30 because each of the asserted claims recites the aspirated fluid path in the tip. *Hockerson-Halberstadt*, 222 F.3d at 957 (prosecution statements as to term present in all claims "apply with uniform force to all the claims"); *Digital Biometrics v. Identix, Inc.*, 149 F.3d 1335, 1347 (Fed. Cir. 1998) (prosecution arguments as to one claim relevant to interpreting other claims absent a clear indication to the contrary). In view of the above, the fluid path of the asserted claims must be in the tip suction tube and must bypass the handpiece suction tube so as to avoid contamination and promote reusability.

### C. The InterPulse Does Not Infringe as a Matter of Law

Stryker uses a conventional tip and achieves handpiece reusability by redesigning the handpiece itself to permit customers to discard the handpiece suction tubing along with the conventional tip. Bard's claim charts identify the tip suction tube combined with the handpiece suction tube as the "suction tube having a fluid path that channels aspirated irrigation fluid externally of the handpiece and directly to a suction source" for claims 9 and 30. This ignores the fact that the claim language requires that the "suction tube having a fluid path. . . ." must "comprise" the tip. Handpiece suction tubing does not "comprise" a tip.

Similarly, for claim 10, Bard identifies the combined tip suction tube and the handpiece suction tube of the InterPulse as performing the function of "aspirating spent irrigation fluid from the irrigation site through the suction tube of the tip and directing the aspirated irrigation fluid along a path that is disposed exteriorly of the handpiece." As described above, the "aspirating" and "directing" functions must be performed by the tip, not by the handpiece suction tubing. Directing aspirated irrigation fluid along the InterPulse handpiece suction tubing does not properly fall within claim 10 because handpiece suction tubing is part of a handpiece, not a tip.

There is no dispute that the InterPulse handpiece suction lumen is not bypassed by the tip. Thus, none of the asserted claims can be literally infringed. Bard's representations to the Patent Office also preclude Bard from arguing a range of equivalents that includes a conventional tip communicating directly, without bypass, with the handpiece suction tube. *Texas Instruments v. United States Int'l Trade Comm'n*, 988 F.2d 1165, 1174-75 (Fed. Cir. 1993).

### D. If Construed to Cover InterPulse, the '452 Patent is Invalid Under §102

If the asserted claims are interpreted so broadly by Bard (and erroneously, in Stryker's view) as to cover a replaceable handpiece suction lumen used with a conventional tip, the '452

patent is invalid under 35 U.S.C. §102. Stryker's early InterPulse provides such a design as described in Stryker's April, 1995 510(k) submission to the FDA. In an apparent attempt to conjure up an issue of material fact regarding invalidity, Bard presents a 7½ page discussion of Stryker's development and marketing activities after April, 1995. Bard's analysis of after-the-fact commercial or FDA activity is irrelevant.

For purposes of anticipation, this Court need only consider what was disclosed in the "four corners" of the April, 1995 FDA submission. *Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272, 1282 (Fed. Cir. 2000). Anticipation is not avoided merely because the earlier InterPulse design was not marketed. A reference can constitute prior art even if it has not been commercialized. *McNeil-PPC, Inc. v. Perrigo Co.*, 337 F.3d 1362, 1370 (Fed. Cir. 2005).

In any event, contrary to Bard's suggestion, the structure of the InterPulse disclosed in the April, 1995 FDA submission was reusable even if it was not marketed as such because, like the accused InterPulse, it included removable suction tubing on the spine and replaceable tips. Whether or not Stryker packaged existing tips and suction tubing together in a "kit" has no bearing on whether the structure anticipates the asserted claims. *See In re Schreiber*, 128 F.3d 1473, 1477 (Fed. Cir. 1997)("it is well settled that the recitation of new intended use for an old product does not make a claim to that old product patentable"). The design of the 1995 InterPulse is identical to the accused InterPulse in every aspect relevant to the '452 patent claims. (Ex. E of Stryker's Motion, Noonan Decl., ¶11). Bard made no effort to rebut the Noonan Declaration, and conspicuously failed to explain how the accused InterPulse product can infringe the asserted claims without the April, 1995 InterPulse structure rendering the same claims invalid. Bard cannot do so because it sued the prior art. *Peters v. Active Mfg. Co.*, 129 U.S. 530, 537 (1889)("That which infringes, if later, would anticipate if earlier.").

Respectfully submitted,

Dated: August 5, 2005

/s/ Joseph Avanzato

Joseph Avanzato (#4774)
ADLER POLLOCK & SHEEHAN P.C.
One Citizen's Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200

Gregory J. Vogler (admitted *pro hac vice*)
Sharon A. Hwang (admitted *pro hac vice*)
McANDREWS, HELD & MALLOY, LTD.
500 West Madison Street
Chicago, Illinois 60661
(312) 775-8000

Of Counsel:

Curtis E. Hall
Michael G. Cartier
STRYKER CORPORATION
2725 Fairfield Road
Kalamazoo, Michigan 49002
(269) 385-2600

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **REPLY IN SUPPORT OF STRYKER CORPORATION'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT OR, IN THE ALTERNATIVE, INVALIDITY OF THE '452 PATENT** was served by placing true and correct copies thereof:

| | |
|---|---|
| **Via Hand Delivery** | Mark A. Pogue<br>EDWARD & ANGELL, LLP<br>2800 Financial Plaza<br>Providence, RI 02903<br>401/274-9200 |
| **Via FEDERAL EXPRESS** | Peter B. Ellis<br>Claire Laporte<br>FOLEY HOAG, LLP<br>155 Seaport Boulevard<br>Boston, MA 02210-2600<br>617/832-1000 |

this 5th day of ~~October, 2003.~~ August 2005

Valaree Landry