UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| C.R. BARD, INC., and DAVOL INC., Plaintiffs, v. STRYKER CORPORATION, Defendant. | CIVIL ACTION No. 02-515-ML |

**PLAINTIFFS' REPLY TO DEFENDANT'S AMENDED COUNTERCLAIM**

For reply to the amended counterclaim asserted against them by defendant Stryker Corp. ("Stryker"), plaintiffs C.R. Bard, Inc. and Davol Inc. say as follows:

1. Plaintiffs admit the allegations of paragraph 1 of the counterclaim.

2. Plaintiffs admit the allegations of paragraph 2 of the counterclaim.

3. Plaintiffs admit the allegations of paragraph 3 of the counterclaim.

4. Plaintiffs admit the allegations of paragraph 4 of the counterclaim.

5. Plaintiffs admit that they have expressly charged Stryker with infringement of certain claims of the '452 patent, and that the Court has personal jurisdiction over the parties and subject matter jurisdiction to decide the claims and counterclaims as they pertain to the '452 patent claims that Plaintiffs have accused Defendant of infringing. Plaintiffs further admit that venue is proper in this Court. Plaintiffs deny all other allegations of paragraph 5 of the counterclaim.

6. Plaintiffs admit the allegations of paragraph 6 of the counterclaim to the extent that Plaintiffs have accused Defendant of infringing certain claims of the '452

patent. Plaintiffs deny that a justiciable controversy exists regarding any of the '452 patent claims that Plaintiffs have not asserted against Defendant.

7. Plaintiffs deny the allegations of paragraph 7 of the counterclaim.

8. Although Plaintiffs do not understand what Defendant means by "needless additional litigation in this and other jurisdictions," they agree that their allegations that Defendant has infringed and is continuing to infringe the '452 patent should be decided in this jurisdiction. Plaintiffs deny all other allegations of paragraph 8 of the counterclaim.

9. Plaintiffs deny the allegations of paragraph 9 of the counterclaim.

10. Plaintiffs deny the allegations of paragraph 10 of the counterclaim.

11. Although Plaintiffs do not understand what Defendant means by "needless additional litigation in this and other jurisdictions," they agree that Defendant's challenge to the validity of the asserted claims of the '452 patent should be decided by this Court. Plaintiffs deny all other allegations of paragraph 11 of the counterclaim.

12. Plaintiffs deny the allegations of paragraph 12 of the counterclaim.

13. The allegations of the first sentence of paragraph 13 set forth conclusions of law to which no response is required. Plaintiffs deny the allegations of the second sentence of paragraph 13, except that Plaintiffs admit that the '452 patent was recently reexamined and that Mr. Arthur Bookstein represented Bard in the reexamination.

14. Plaintiffs admit the third sentence of paragraph 14. Plaintiffs further admit that the Atkinson patent describes a "Lavage Handpiece" that may be adapted to be disposable or reusable with the replacement of the suction and irrigation tubing and that may be used to provide irrigation to and suction from a surgical site. Plaintiffs deny all other allegations of paragraph 14.

15. Plaintiffs admit the fourth sentence of paragraph 15. Plaintiffs further admit that prosecution of the '452 patent-in-suit ended on November 26, 2002; and that the Atkinson patent was listed as a "Reference Cited" during the prosecution history of Bard's U.S. Patent Nos. 5,792,098, 4,941,872 and 5,147,292. Plaintiffs deny all other allegations of paragraph 15.

16. Plaintiffs admit that Mr. Darois is one of the named inventors of the '452 patent; that he is the Vice President of Product Development at Davol; that he was involved in the design of the Simpulse Solo suction irrigator; and that the '452 patent uses the Simpulse Solo irrigator as an example of a handpiece that may be used with the '452 invention. Plaintiffs further admit that Mr. Darois was a named inventor on the Felix '098 patent, which uses the Simpulse Solo irrigator as an example of a handpiece that may be used with the '098 invention. Plaintiffs deny all other allegations of paragraph 16.

17. Plaintiffs deny the first two sentences of paragraph 17. Plaintiffs admit that the face of the Atkinson patent shows that it was assigned to Snyder as of the patent issuance date and admit that the specification of the '452 patent refers to Patent No. 4,692,140 in the "Background of the Invention." Plaintiffs further admit that the face of the '140 patent shows that it was assigned to Snyder as of the patent issuance date. Plaintiffs deny all other allegations of paragraph 17.

18. Plaintiffs deny the allegations of paragraph 18.

19. Plaintiffs deny the allegations of paragraph 19.

20. Although plaintiffs do not understand what Stryker means by "needless additional litigation in this and other jurisdictions," they agree that Stryker's challenge to the enforceability of the '452 patent should be decided by this Court.

21. Plaintiffs deny the allegations of paragraph 21.

22. Plaintiffs admit the allegations of paragraph 22.

23. Plaintiffs deny the allegations of paragraph 23.

24. Plaintiffs admit the allegations of paragraph 24 of the counterclaim.

25. Plaintiffs admit the second sentence of paragraph 25. Plaintiffs deny all other allegations of paragraph 25.

26. Plaintiffs deny the allegations of paragraph 26 of the counterclaim.

WHEREFORE, plaintiffs and counterclaim-defendants C.R. Bard, Inc. and Davol Inc. pray that the counterclaim against them be dismissed and that the Court enter judgment as prayed for in their complaint.

Dated: August 10, 2005

C.R. BARD, INC.
DAVOL INC.

By their attorneys,

Mark A. Pogue (#3441)
Armando E. Batastini (#6016)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
Tel. (401) 274-9200
Telecopy (401) 276-6611

Claire Laporte (*admitted pro hac vice*)
Mitchell J. Matorin
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Tel. (617) 832-1000
Fax (617) 832-7000

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 10th day of August, 2005, a copy of the foregoing document was served by first class mail, postage prepaid, to the following counsel of record:

Joseph Avanzato, Esq.
ADLER, POLLOCK & SHEEHAN
One Citizens Plaza, 8th Floor
Providence, RI 02903

Gregory J. Vogler, Esq.
Sharon A. Hwang, Esq.
McANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, 34th Floor
Chicago, IL 60661

______________________