IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| C.R. BARD, Inc., and DAVOL, INC., Plaintiffs, | ) |
| v. | ) Civil Action No. 02-515ML |
| | ) Judge Mary M. Lisi |
| STRYKER CORPORATION, Defendant. | ) |

**DEFENDANT STRYKER CORPORATION'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE IN SUPPORT OF <u>PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT</u>**

Joseph Avanzato (#4774)
ADLER POLLOCK & SHEEHAN P.C.
2300 Financial Plaza
Providence, RI 02903
(401) 274-7200

Gregory J. Vogler (admitted *pro hac vice*)
Sharon A. Hwang (admitted *pro hac vice*)
McANDREWS, HELD & MALLOY, LTD.
500 West Madison Street
Chicago, Illinois 60661
(312) 775-8000

Of Counsel:

Curtis E. Hall
Aaron R. Pettit
STRYKER CORPORATION
2725 Fairfield Road
Kalamazoo, Michigan 49002
(616) 385-2600

Pursuant to Local Rule 12.1(a)(2), Defendant Stryker Corporation ("Stryker") responds to Plaintiffs C.R. Bard and Davol Inc.'s (collectively "Bard") Statement of Material Facts Not in Dispute in Support of its Cross Motion for Summary Judgment of Infringement.

In the first section below, Stryker sets forth its responses to Bard's assertedly undisputed facts. In the second section below, Stryker sets forth the fact that the parties agree that there are no genuine issues of material fact as to the reasons for noninfringement set forth in Stryker's motion for summary judgment of noninfringement. In the third section below, Stryker sets forth its Statement of Disputed Facts that preclude Bard's Cross-Motion for Summary Judgment.

## I. Stryker's Response to Bard's Statement of Undisputed Facts

Stryker objects to paragraphs 1-38 as attempting to obtain admissions from Stryker regarding claim elements taken completely out of context with the claim language in its entirety, the specification, and the prosecution history. Each of the alleged "material facts" asserted by Bard contains this error.

1. Stryker disputes this statement. The accused InterPulse does not include the "detachable discardable suction and irrigation tip for use with an irrigation apparatus that comprises a pump to pump irrigation fluid and a handpiece" as required by claim 9. The "detachable discardable suction and irrigation tip" of claim 9 includes several specific features that are not included in Stryker's conventional InterPulse tip.

2. Stryker does not dispute that the InterPulse handpiece includes an irrigation lumen extending therethrough, although Bard's statement is nonsensical without including the appropriate context of the claim language.

3. Stryker does not dispute that the InterPulse handpiece includes a trigger for controlling flow of irrigation fluid, although Bard's statement is nonsensical without including the appropriate context of the claim language.

4. Stryker disputes this statement. The accused InterPulse does not include "a connector for connection to the discardable tip" as required by claim 9. The conventional tip with which the InterPulse handpiece is used is different than the "discardable tip" of claim 9.

5. Stryker disputes that the InterPulse conventional tip is the specially-designed "tip" claimed in the '452 patent.

6. Stryker disputes this statement. The accused InterPulse tip is not the specially-designed "tip" claimed in the '452 patent and does not include the claimed connector.

7. Stryker disputes this statement. The accused InterPulse tip is not the specially-designed "tip" claimed in the '452 patent and does not include the suction tube for aspirating irrigation fluid from the irrigation site required in claim 9.

8. Stryker disputes this statement. The accused InterPulse tip is not the specially-designed "tip" claimed in the '452 patent and does not include a suction tube having a fluid path that channels aspirated irrigation fluid externally of the handpiece and directly to a suction source.

9. Stryker disputes this statement. The accused InterPulse system does not have the claimed "suction tube and irrigation tube being detachable together from the handpiece whereby the tip can be discarded, enabling the handpiece to be reused" of claim 9.

10. Stryker disputes this statement. The accused InterPulse system does not have the claimed tip and therefore cannot meet the claim element "the pump and the tip are configured to emit irrigation liquid from the tip with a force sufficient to remove debris from the irrigation site

without substantially damaging healthy tissue, the force resulting from a pressure that does not exceed about 15 p.s.i." of claim 9.

11. Stryker disputes this statement as grammatically incorrect and nonsensical. To the extent that the statement can be understood, the Stryker InterPulse system can be used to irrigate and aspirate fluid to and from a surgical/patient site.

12. Stryker disputes this statement in that it attempts to parse out a particular claim element from the claim as a whole in a nonsensical way. To the extent that the statement can be understood, the Stryker InterPulse handpiece has an irrigation lumen extending through it.

13. Stryker disputes this statement in that it attempts to parse out a particular claim element from the claim as a whole in a nonsensical way. To the extent that the statement can be understood, the Stryker InterPulse handpiece includes a trigger for controlling flow of irrigation fluid.

14. Stryker disputes this statement in that it attempts to parse out a particular claim element from the claim as a whole in a nonsensical way. To the extent that the statement can be understood, the Stryker InterPulse handpiece does not have a connector portion for connection to a connection portion of a discardable tip as specified in claim 10.

15. Stryker disputes this statement in that it attempts to parse out a particular claim element from the claim as a whole in a nonsensical way. To the extent that the statement can be understood, the Stryker InterPulse handpiece does not include the connector specified in claim 10.

16. Stryker disputes this statement in that it attempts to parse out a particular claim element from the claim as a whole in a nonsensical way. To the extent that the statement can be understood, the Stryker InterPulse tip is not the specially-designed "tip" as claimed in the '452

patent and therefore does not have a tip with an irrigation tube for directing irrigation fluid from the handpiece to the surgical/patient site and a suction tube for aspirating irrigation fluid from the surgical/patient site.

17. Stryker disputes this statement in that it attempts to parse out a particular claim element from the claim as a whole in a nonsensical way. To the extent that the statement can be understood, the Stryker InterPulse tip is not the specially-designed "tip" as claimed in the '452 patent and therefore does not have a system that directs irrigation liquid through the handpiece irrigation lumen and the tip irrigation tube to the surgical/patient site.

18. Stryker disputes this statement in that it attempts to parse out a particular claim element from the claim as a whole in a nonsensical way. To the extent that the statement can be understood, the Stryker InterPulse tip is not specially-designed "tip" as claimed in the '452 patent and therefore does not have a system that aspirated irrigation fluid from the surgical/patient site through the tip suction tube, through the handpiece suction tubing, and then to the suction source.

19. Stryker disputes this statement in that it attempts to parse out a particular claim element from the claim as a whole in a nonsensical way. Stryker further disputes this statement because the accused InterPulse tip does not include a path that is disposed exteriorly of the handpiece as required by claim 10.

20. Stryker disputes this statement in that it attempts to parse out a particular claim element from the claim as a whole in a nonsensical way. Stryker further disputes this statement because the accused InterPulse tip does not include the suction tube path that is disposed exteriorly of the handpiece as required by claim 10.

21. Stryker disputes this statement in that it attempts to parse out a particular claim element from the claim as a whole in a nonsensical way. Stryker's InterPulse tip is not the specially-designed "tip" claimed in the '452 patent. Stryker further disputes this statement because attaching an unused InterPulse tip to the handpiece will not render the system "ready for another procedure" as required by claim 10. The additional steps of 1) disposing of the handpiece suction tubing; and 2) attaching unused handpiece suction tubing are required.

22. Stryker disputes this statement because the accused InterPulse tip does not have the attributes required by claim 9, and thus cannot have the attributes required in claim 20. The Stryker InterPulse tip is not the specially-designed "tip" claimed in the '452 patent.

23. Stryker disputes this statement because the accused InterPulse tip does not have the attributes required by claims 9 and 20, and thus cannot have the attributes required in claim 21. The Stryker InterPulse tip is not the specially-designed "tip" claimed in the '452 patent.

24. Stryker disputes this statement because the accused InterPulse tip does not have the attributes required by claim 9, and thus cannot have the attributes required in claim 23. The Stryker InterPulse tip is not the specially-designed "tip" claimed in the '452 patent.

25. Stryker disputes this statement because the accused InterPulse system does not have the attributes required by claim 10, and thus cannot have the attributes required in claim 24. The Stryker InterPulse tip is not the specially-designed "tip" claimed in the '452 patent.

26. Stryker disputes this statement because the accused InterPulse tip does not have the attributes required by claim 9, and thus cannot have the attributes required in claim 26. The Stryker InterPulse tip is not the specially-designed "tip" claimed in the '452 patent.

27. Stryker disputes this statement because the accused InterPulse tip does not have the attributes required by claims 9 and 26, and thus cannot have the attributes required in claim 28. The Stryker InterPulse tip is not the specially-designed "tip" claimed in the '452 patent.

28. Stryker disputes this statement. The accused InterPulse does not include the "detachable discardable suction and irrigation tip for use with an irrigation apparatus that comprises a pump to pump irrigation fluid and a handpiece" as required by claim 30. The "detachable discardable suction and irrigation tip" of claim 30 includes several specific features that are not included in Stryker's conventional InterPulse tip, including not having the specially-designed "tip" claimed in the '452 patent.

29. Stryker does not dispute that the InterPulse handpiece includes an irrigation lumen extending therethrough, although Bard's statement is nonsensical without including the appropriate context of the claim language.

30. Stryker does not dispute that the InterPulse handpiece includes a trigger for controlling flow of irrigation fluid, although Bard's statement is nonsensical without including the appropriate context of the claim language.

31. Stryker disputes this statement. The accused InterPulse does not include "a connector for connection to the discardable tip" as required by claim 30. The conventional tip with which the InterPulse handpiece is used is different than the "discardable tip" of claim 30.

32. Stryker disputes this statement because Bard fails to provide any guidance as to the meaning of "means for causing irrigation liquid to be emitted from the tip" as used in claim 30. The Stryker InterPulse system does irrigate a surgical/patient site. The Stryker InterPulse tip is not the specially-designed "tip" as claimed in the '452 patent.

33. Stryker disputes this statement because Bard fails to provide any guidance as to the meaning of "means for causing irrigation liquid to be emitted from the tip" as used in claim 30. The Stryker InterPulse system does irrigate a surgical/patient site. The Stryker InterPulse tip is not the specially-designed "tip" as claimed in the '452 patent.

34. Stryker disputes this statement because the Stryker InterPulse system does not have the specially-designed "tip" claimed in the '452 patent. The InterPulse conventional tip has an irrigation tube for directing irrigation fluid from the handpiece to the surgical/patient site. Bard's statement is nonsensical without including the appropriate context of the claim language.

35. Stryker disputes this statement. The accused InterPulse tip does not include the claimed connector and the Stryker InterPulse system does not have the specially-designed "tip" claimed in the '452 patent.

36. Stryker disputes this statement. The accused InterPulse tip does not include the suction tube for aspirating irrigation fluid from the irrigation site required in claim 30 and the Stryker InterPulse system does not have the specially-designed "tip" claimed in the '452 patent.

37. Stryker disputes this statement. The accused InterPulse tip does not include a suction tube having a fluid path that channels aspirated irrigation fluid externally of the handpiece and directly to a suction source and the Stryker InterPulse system does not have the specially-designed "tip" claimed in the '452 patent.

38. Stryker disputes this statement. The accused InterPulse system does not have the claimed "suction tube and irrigation tube being detachable together from the handpiece whereby the tip can be discarded, enabling the handpiece to be reused" of claim 30 and the Stryker InterPulse system does not have the specially-designed "tip" claimed in the '452 patent.

## II. No Genuine Issues of Material Fact for Stryker's Motion for Summary Judgment of Noninfringement

1. By agreement of both parties, there are no genuine issues of material fact as to the reasons for noninfringement set forth in Stryker's motion for summary judgment of noninfringement.

## III. Stryker's Statement of Material Facts Precluding Bard's Cross Motion for Summary Judgment of Infringement

1. As to Bard's cross-motion, whether the accused InterPulse tip includes the "connector for detachably connecting the irrigation tube to the handpiece to provide fluid communication between the irrigation lumen of the handpiece and the irrigation tube" of claims 9 and 30, literally or under the doctrine of equivalents. *See* Feinberg Declaration.

2. As to Bard's cross-motion, whether the accused InterPulse tip includes the claim element "the suction tube and irrigation tube being detachable together from the handpiece" of claims 9 and 30, literally or under the doctrine of equivalents. *See* Feinberg Declaration.

3. As to Bard's cross-motion, whether the accused InterPulse tip can "discarded, enabling the handpiece to be reused" as required by claims 9 and 30, either literally or under the doctrine of equivalents. *See* Feinberg Declaration.

4. As to Bard's cross-motion, whether the method of using the accused InterPulse system includes the step of "providing a handpiece having . . . a connector portion for connection to the connection portion of a discardable tip," as required by claim 10, either literally or under the doctrine of equivalents. *See* Feinberg Declaration.

5. As to Bard's cross-motion, whether the method of using the accused InterPulse system includes the step of "detaching the tip, including the irrigation tube and suction tube

together from the handpiece and discarding them," as required by claim 10 either literally or under the doctrine of equivalents. *See* Feinberg Declaration.

6. As to Bard's cross-motion, whether the method of using the accused InterPulse system includes the step of "attaching an unused discardable suction and irrigation tip to the handpiece in readiness for another procedure" as required by claim 10, either literally or under the doctrine of equivalents. *See* Feinberg Declaration.

Respectfully submitted,

Dated: August 26, 2005

Joseph Avanzato (#4774)
ADLER POLLOCK & SHEEHAN P.C.
2300 Financial Plaza
Providence, RI 02903
(401) 274-7200

Gregory J. Vogler (admitted *pro hac vice*)
Sharon A. Hwang (admitted *pro hac vice*)
McANDREWS, HELD & MALLOY, LTD.
500 West Madison Street
Chicago, Illinois 60661
(312) 775-8000

Of Counsel:

Curtis E. Hall
Aaron R. Pettit
STRYKER CORPORATION
2725 Fairfield Road
Kalamazoo, Michigan 49002
(616) 385-2600

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **DEFENDANT STRYKER CORPORATION'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE IN SUPPORT OF PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT** was served by placing true and correct copies thereof:

**Via Hand Delivery**

Mark A. Pogue
EDWARD & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
401/274-9200

**Via FEDERAL EXPRESS**

Claire Laporte
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210-2600
617/832-1000

this 26th day of August, 2005.

Valerie Lonek