UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

C.R. BARD, INC., and DAVOL INC.,

Plaintiffs,

v.

STRYKER CORPORATION,

Defendant.

C.A. No. 02- 515ML

**PLAINTIFFS' MOTION FOR LEAVE TO EXCEED 5-PAGE LIMIT FOR REPLY IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT**

On or before October 6, 2005, Plaintiffs, C.R. Bard, Inc. and Davol Inc. (collectively, "Davol") will file their reply brief in support of their cross-motion for summary judgment that Defendant Stryker Corporation ("Stryker") infringes Davol's '452 patent. Davol seeks leave to exceed the current five-page limit and file a reply brief up to 15 pages in length. In support of this motion, Davol relies on the accompanying Memorandum.

Davol represents that it has consulted with counsel for Stryker but that Stryker has not assented to Davol's request for leave to exceed the page limits.

Dated: September 30, 2005

C.R. BARD, INC., and DAVOL INC.

By their Attorneys,

Mark A. Pogue (#3441)
Armando E. Batastini (#6016)
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

Claire Laporte (admitted *pro hac vice*)
Mitchell J. Matorin
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Tel. (617) 832-1000

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 30th day of September, 2005, I caused a copy of the within Memorandum to be served as follows:

VIA HAND DELIVERY
Joseph Avanzato, Esq.
ADLER, POLLOCK & SHEEHAN
2300 Financial Plaza
Providence, RI 02903

VIA FEDEX
Gregory J. Vogler, Esq.
Sharon A. Hwang, Esq.
McANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, 34th Floor
Chicago, IL 60661

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| C.R. BARD, INC., and DAVOL INC.,<br>Plaintiffs,<br>v.<br>STRYKER CORPORATION,<br>Defendant. | C.A. No. 02- 515ML |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO EXCEED 5-PAGE LIMIT FOR REPLY IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT**

On or before October 6, 2005, Plaintiffs, C.R. Bard, Inc. and Davol Inc. (collectively, "Davol") will file their reply brief in support of their cross-motion for summary judgment that Defendant Stryker Corporation ("Stryker") infringes Davol's '452 patent. Davol seeks leave to exceed the current five-page limit and file a reply brief up to 15 pages in length.

In support of this Motion, Davol states as follows:

1. Davol's reply brief will respond to Stryker's August 26, 2005 memorandum in opposition to Davol's cross-motion for summary judgment of infringement. Stryker's opposition brief consists of a 20-page memorandum and a new 8-page declaration from Stryker's expert.

2. Stryker filed its own motion for summary judgment on June 23, 2005. In its brief in support of that motion, Stryker focused its non-infringement argument on a single claim element. Stryker chose not to raise the claim construction arguments that it now asserts for the first time in its opposition to Davol's cross-motion. In particular, Stryker

raises new claim construction arguments regarding three elements of the asserted claims: the "connector" element of the tip, the detachability together of the suction tube and irrigation tube, and the enablement of handpiece reuse. Stryker also submits an 8-page declaration from its expert that purportedly supports Stryker's claim constructions as well as Stryker's assertion that genuinely disputed material facts preclude granting Davol's cross-motion.

3. Amended General Order #2002-01 permits Davol only five pages to respond to Stryker's opposition and new declaration.[1] Responding to Stryker's several new claim construction arguments and new declaration will reasonably require more than the allotted 5 pages, as it will require discussion of the meaning to be attributed to the three claim elements that Stryker now chooses to challenge, as well as a discussion of the flaws in Stryker's own claim construction analysis.

4. Davol strives to present its arguments as concisely as possible – to wit, Davol's combined brief in opposition to Stryker's motion for summary judgment and in support of Davol's cross-motion for summary judgment utilized only 36 of the 40 pages permitted. Had Stryker raised in its initial brief (as it could have) the arguments it now makes in opposition to Davol's motion, Davol would have responded in the unused allotment of its combined brief. (Davol would have done so in part by restructuring the existing arguments in its brief to make them shorter; for that reason, Davol cannot limit its request for additional pages to the number of unused pages in its combined brief.)

5. Because Davol's reply brief is still in draft form, Davol cannot predict with certainty exactly how many pages it will need. However, Davol reasonably requires up to

[1] We observe that Amended General Order #2002-01 imposes the same 5-page limit on reply briefs for 20-page summary judgment motions as it does for other types of motions, which are limited to 10 pages.

15 pages to respond to the new arguments and claim constructions, and the new expert declaration submitted by Stryker in opposition to Davol's cross-motion for summary judgment.[2] If Davol is able to respond in fewer than 15 pages, it will do so in order not to burden the Court.

## CONCLUSION

Therefore, for the reasons set forth above, Davol respectfully requests leave to file a reply brief of up to 15 pages in length in support of its cross-motion for summary judgment of infringement.

Dated: September 30, 2005

C.R. BARD, INC., and DAVOL INC.

By their Attorneys,

Mark A. Pogue (#3441)
Armando E. Batastini (#6016)
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

Claire Laporte (admitted *pro hac vice*)
Mitchell J. Matorin
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Tel. (617) 832-1000

---

[2] Davol may also need the additional pages it requests in this motion to incorporate arguments pertaining to Stryker's responses to Davol's second set of requests for admission, which are due on the date of this motion. Stryker itself recognized the potential relevance of those responses when it requested a two-week extension of the deadline to respond and agreed to an equal extension of the deadline for Davol to file its reply brief.

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 30th day of September, 2005, I caused a copy of the within Memorandum to be served as follows:

VIA HAND DELIVERY
Joseph Avanzato, Esq.
ADLER, POLLOCK & SHEEHAN
2300 Financial Plaza
Providence, RI 02903

VIA FEDEX
Gregory J. Vogler, Esq.
Sharon A. Hwang, Esq.
McANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, 34th Floor
Chicago, IL 60661



PRV_758659_1/MPOGUE